*Order*

May 15, 2012

Hon. Edward M. Chen
United States District Court
Northern District of California
San Francisco Courthouse
Courtroom 5 – 17th Floor
450 Golden Gate Avenue
San Francisco, California 94102

400 Capitol Mall, Eleventh Floor
Sacramento, CA 95814
916.558.6000 : 916.446.1611 FAX
: www.weintraub.com

Alden J. Parker
916.558.6041 DIRECT
aparker@weintraub.com

      Re:    Equal Employment Opportunity Commission v. Walgreens Co.
             Case No.: CV-11-4470 EMC

Dear Judge Chen:

The parties met and conferred in person on Tuesday, April 10, 2012, concerning the following issues:

A.    <u>Additional Time to Take the Deposition of Plaintiff Josefina Hernandez</u>

    <u>Defendant's Argument:</u>

On April 10, 2012, the parties met in San Francisco, California, for defendant Walgreens Co. ("Defendant") to take the deposition of plaintiff Josefina Hernandez ("Plaintiff"). Prior to the deposition, Defendant was informed that Plaintiff speaks English and Spanish, but may require a translator for her deposition. Accordingly, Defendant made the necessary arrangements for a translator to be present, and the translator arrived as scheduled.

Prior to commencing Plaintiff's deposition, counsel for Plaintiff objected to the presence of the translator unless there was a problem with Plaintiff understanding a question or providing a full answer. In order to avoid any potential misunderstandings leading to an inaccurate record, Defendant suggested the translator simply be used throughout the entire deposition for accuracy. Counsel responded that Plaintiff may not require the translator's assistance to respond to each question, and she stated that we cannot force Plaintiff to testify in a certain language - Spanish.

{1475000.DOCX;}

**weintraub** genshlea chediak
**tobin** & tobin
LAW CORPORATION

Hon. Edward M. Chen
May 15, 2012
Page 2

Defendant contended it was in no way forcing Plaintiff to testify in a certain language, and indicated Plaintiff has the prerogative to respond in English or Spanish to any question. However, in order to compromise and move forward with Plaintiff's deposition, Defendant proposed that each question still be translated to ensure that Plaintiff fully understands each question posed to her and answers to the best of her ability. Counsel agreed to this compromise, but then objected without any reasonable basis to a simultaneous translation. Counsel demanded the translation only occur after we had asked the entire question. As, in Defendant's experience, this method of translation takes a considerably longer time than simultaneous translation, Defendant agreed, provided that Defendant was provided with an additional two (2) hours in which to complete Plaintiff's deposition; nine (9) hours instead of the usual seven (7) hours. In our experience, an additional two (2) hours is a reasonable estimate of additional time it would take to conduct the deposition with consecutive translation of all questions from English to Spanish. Counsel for Plaintiff rejected this proposal, and Plaintiff's deposition did not go forward.

Plaintiff's Argument:

Events leading up to the dispute:

Defendant noticed Charging Party Josefina Hernandez's deposition for 10:00 a.m. on April 10, 2012. In its deposition notice, Defendant stated that "if an interpreter is required to translate testimony, notice of the same must be given at least five (5) days before the deposition date."

On April 4, 2012 counsel for Plaintiff EEOC, Cindy O'Hara, sent Defendant's counsel an e-mail, which stated "Please provide a Spanish translator. Although Ms. Hernandez speaks English, the EEOC would like to have a translator present in case Ms. Hernandez does not understand a question, or the court reporter does not understand her answer."

Charging Party Hernandez speaks and understands English, although Spanish is her first language. It was the EEOC's intention to have Ms. Hernandez's deposition proceed in English, however we wanted to have a translator present in case, as stated in

{1475000.DOCX;}

**weintraub** genshlea chediak
**tobin** & tobin
LAW CORPORATION

Hon. Edward M. Chen
May 15, 2012
Page 3

my e-mail, Ms. Hernandez did not understand a question, or the court reporter did not understand her answer. I, EEOC counsel, Cindy O'Hara, am fluent in Spanish and have defended numerous depositions for individuals who spoke English and wished to testify in English, but at times would turn to me for an explanation of a word or phrase that they did not understand. As the deponent's counsel, I cannot advise the deponent as to the meaning of the opposing counsel's question, or reinterpret the deponent's answer for the court reporter, so in such circumstances I have had great success with having a translator present as a resource as necessary. I have successfully used this practice in deposition in several federal court cases, including ones against Interstate Hotels (Marriott) for banquet servers, ABM Industries (janitors) and Sierra Pacific Industries (lumber workers). I have never before had an objection from a defense counsel.

When Ms. Hernandez and I arrived for Ms. Hernandez's deposition, Defendant's counsel said that the deposition would proceed in Spanish. I disagreed and stated that the deposition would proceed in English, with the translator there as a resource. Defendant's counsel said that he had contracted a translator at my request and that the deposition would take place through the translator. I responded that I wished to have my charging party's testimony on the record, not the translator's interpretation of that testimony, and that if it was a problem, we could just dismiss the translator. After confirming with my office, I added that the EEOC would pay half of the translator's appearance fee for the day.

Defense counsel stated that he wanted the questions to be translated into Spanish, and that charging party could answer in English or Spanish as she wished. I expressed my reservations about this given the problems with linguistic code switching; because Ms. Hernandez would first hear and understand the question in English and then in Spanish, her answers could vary between English, Spanish and/or an amalgam of both. I have extensive experience with representing Spanish speakers in deposition, and have seen this problem and the confusion it creates in the past. Nevertheless, I agreed to the deposition going forward to see how it worked out. However, when the deposition commenced, the translator simultaneously translated defense counsel's questions to the charging party. Under these circumstances, I could not monitor the translation to see if it was accurate, and object to the translation if I believed it was not accurate. The translator's assurances that she was "court certified" did not resolve the issue, as words are often subject to more

{1475000.DOCX;}

**weintraub** genshlea chediak
**tobin** & tobin
LAW CORPORATION

Hon. Edward M. Chen
May 15, 2012
Page 4

than one possible translation; intermingling of Spanish and English can result in Spanglish words which have different meanings; and simple human error resulting from mishearing a phrase or the inherent problems with phrases being repeated by different people. I therefore asked for consecutive translation.

Defense counsel said that he would only agree to consecutive translation if I would agree to defendant having nine hours to depose the charging party, as opposed to the seven hours provided under the federal rules. I said I would not agree at that point, but if he commenced the deposition and if, when seven hours was approaching it appeared that more would be necessary, we could revisit the issue. Defense counsel stated that he would not commence the deposition unless the EEOC would agree to nine hours from the outset, and at that point, after an unsuccessful attempt to reach the court, the deposition was terminated.

### Plaintiff EEOC's Position:

Charging party's case involves events which took place over two days: September 17, 2008, the day upon which Charging Party ate some potato chips prior to paying for them, and October 7, 2008 when she was interviewed by the loss prevention supervisor and submitted her written statement, as to why she had eaten the chips prior to paying for them, stating: "My sugar low, not have time." (Ms. Hernandez was on vacation between the two events.) Under these circumstances, Plaintiff EEOC questions whether Defendant will need even seven hours of testimony to adequately depose Charging Party, let alone nine hours, even with each question being translated (As Ms. Hernandez intends to testify in English, there will be no need for translation of her answers.) As Plaintiff EEOC stated at the deposition, and maintains, that should it become obvious that more than seven hours in necessary, Plaintiff is willing to revisit the issue. Defendant, however, did not accept that compromise, and insisted that Plaintiff EEOC agreed to allow nine hours of deposition interrogation *ab initio*, or Defendant would not even commence the deposition.

Plaintiff EEOC's position that it be allowed to hear the translation of the questions being put to Charging Party, whom it represents in the deposition, is a reasonable one, and one that it believes is necessary to ethically represent the Charging Party in the deposition. The only way that is possible is through consecutive translation, rather than

{1475000.DOCX;}

**weintraub** genshlea chediak
**tobin** & tobin
LAW CORPORATION

Hon. Edward M. Chen
May 15, 2012
Page 5

simultaneous.

    Plaintiff EEOC's position that Defendant should commence the deposition and, should it become obvious during the course of the deposition that more than seven hours will be necessary that the issue can be revisited it likewise eminently reasonable. Given that the facts of the case encompass events on a total of just two days, seven hours would likely be more than adequate. Plaintiff EEOC position on this matter is much more in line with the Court's Minute Order of January 20, 2012, which states "Each deposition is limited to 7 hours without prejudice to seeking additional time on a showing of good cause."

### Conclusion:

    Based on the foregoing, Plaintiff EEOC therefore requests that the Court order that Charging Party Josefina Hernandez's deposition be taken in English, with a Spanish translator available should clarification become necessary. Plaintiff EEOC requests that, should the Court grant Defendant's request that each question be translated into Spanish, that the Court order that the translation be consecutive rather than simultaneous. In addition, Plaintiff EEOC requests that the Court not grant Defendant nine hours of deposition with Ms. Hernandez at this point, and allow the parties to revisit the issue of additional time beyond the seven hours of the Federal Rules for Defendant to depose Ms. Hernandez should seven hours prove insufficient.

Very truly yours,

weintraub genshlea chediak
tobin & tobin
LAW CORPORATION

/s/: Alden J Parker
Alden J. Parker

{1475000.DOCX;}

weintraub genshlea chediak
tobin & tobin
LAW CORPORATION

Hon. Edward M. Chen
May 15, 2012
Page 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

/s/: Cindy O'Hara
Cindy O'Hara

Ms. Hernandes's deposition shall be subject to consecutive not simultaneous translation of each question posed. Defendant may take up to 9 hours.

IT IS SO ORDERED

_____
EDWARD M. CHEN, U.S. DISTRICT JUDGE

5/17/12
Date

{1475000.DOCX;}