WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
CINDY O'HARA, SBN 114555 (CA)
PETER F. LAURA, SBN 116426 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
Phillip Burton Federal Building, 5th Floor West
450 Golden Gate Avenue, POB 36025
San Francisco, CA  94102
Telephone: (415) 522-3077
Fax No.: (415) 522-3425
Peter.Laura@eeoc.gov

*Attorneys for Plaintiff EEOC*


SCOTT M. PLAMONDON, SBN 212294
SHAUNA N. CORREIA, SBN. 232410
WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Telephone:  (916) 558-6000
Fax No.:  (916) 446-1611

*Attorneys for Defendant WALGREEN CO.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           Plaintiff,<br><br>    vs.<br><br>WALGREEN CO.,<br><br>           Defendant. | Case No.:  CV 11-4470 WHO<br><br><br><br>**CONSENT DECREE** |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Josefina Hernandez ("Charging Party"), whom the Commission alleged was adversely affected by such practices.  The Commission alleged that Defendant Walgreen

Co. ("Defendant") subjected Charging Party to discrimination based on disability when it failed to accommodate her and instead terminated her employment, in violation of the Americans with Disabilities Act. Defendant has denied these allegations. The Commission and Defendant now seek to resolve this action as to each other and as between Defendant and Charging Party without further contested litigation through this Consent Decree. This resolution does not constitute an admission of liability on the part of Defendant, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Defendant in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Defendant will each bear its own costs and attorney fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Defendant and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from discriminating based on disability, including failure to reasonably accommodate, as prohibited by the Americans with Disabilities Act.

7. Defendant and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from retaliating against the Charging Party, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

**SPECIAL INJUNCTIVE RELIEF**

**Non-Discrimination Policy**

8. Within sixty (60) days of the entry of this Consent Decree, Defendant will post its revised employment policy on Defendant's intranet system. Defendant's revised employment policy clarifies that an employer has an obligation to provide reasonable accommodation. Said revised policy also makes clear to supervisors that when they are aware of an employee's disability, and observe that an employee is having difficulty performing his/her job duties as a result, supervisors should affirmatively inquire if an accommodation is needed.

**Training**

9. Each year during the term of this Consent Decree, Defendant will conduct the following trainings:

(a) Provide annual training of all managers and supervisors regarding their obligations not to discriminate based on disability, and their obligations to provide reasonable accommodation to employees with disabilities;

(b) Provide annual training of all human resources personnel who provide advice to managers about disability discrimination, and an employer's obligation to reasonably accommodate employees with disabilities; and

(c) No later than thirty (30) days prior to the beginning of each training program, Defendant will provide to counsel for the Commission a description of each training program and a copy of the materials to be used. Defendant shall not be required to provide these materials for each individual training event. If Defendant makes any material changes to the training materials, Defendant will provide these training materials to the Commission.

**Posting**

10. Defendant will post the Notice attached hereto as Exhibit 1 to this Consent Decree, in a location accessible to all employees working in stores within the San Francisco Peninsula District, (a list of the stores in the San Francisco Peninsula District is attached hereto as Exhibit 2). This Notice will remain posted for the duration of the Consent Decree.

///

**Record Keeping and Reports**

11. Each year during the term of this Consent Decree, within thirty (30) days following the anniversary date of the entry of the Consent Decree, Defendant will mail to counsel for the Commission a report containing the date of training specified in paragraph 9, the name of the trainer and/or training program, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

12. Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for the duration of this Consent Decree, Defendant will notify the counsel for the Commission whether it has received any complaints of disability discrimination or failure to accommodate from its employees in the San Francisco Peninsula District, what steps were taken in response, and how the situation was resolved.

**RELIEF FOR CHARGING PARTY**

13. Defendant will pay the sum of $180,000.00 in complete satisfaction of the Commission's claims against Defendant as set forth in the Complaint. The settlement amount shall be paid by mailing three checks. One check shall be mailed to Claimant in the amount of forty-five thousand Dollars ($45,000) within ten (10) calendar days of receipt by counsel for Defendant of a copy of this Agreement containing the original signature of the Commission and W-9 forms completed by Claimant. An additional check shall be mailed to Claimant in the amount of ninety thousand Dollars ($90,000) on January 10, 2015. The sums in these checks shall not be characterized as wages, but as recovery for alleged emotional distress. Form(s) 1099 will be issued in regard to these checks for tax reporting purposes in connection with claimant's social security number. Another check shall be sent to Claimant within thirty (30) calendar days of receipt by counsel for Defendant of a copy of this Agreement containing the original signature of the Commission and W-9 forms completed by Claimant. This check shall be made payable to "Josefina Hernandez" in an amount that will equal forty-five thousand Dollars ($45,000) in wages less applicable withholdings. This sum shall be characterized as wages. Defendant has no further obligation to make any payments to or bestow any benefits on Claimant with respect to her employment with Defendant upon receipt by Claimant of the aforementioned settlement checks.

1  Defendant has made no representation regarding any tax consequences relating to this
2  payment, and Claimant shall be responsible for the payment of any taxes in connection with this
3  payment.

4  14. Defendant agrees to provide only neutral information in response to any inquiries
5  from prospective employers. Such reference shall be provided through a third party service used by
6  Defendant called "the Work Number." Claimant shall direct any inquiry from a prospective
7  employer to that service using the following information:

- www.theworknumber.com/verifiers; or
- 1-800-367-5690
- Company employer code: 10105

10  15. Defendant agrees to allow Ms. Hernandez to resign as of the date of her termination
11  in October, 2008.

**EXPIRATION OF CONSENT DECREE**

13  16. This Consent Decree constitutes a full and final resolution of all the Commission's
14  claims on behalf of Charging Party. This Consent Decree will be in effect for three (3) years, and
15  will expire at midnight of the date three (3) years after its entry by the Court, provided that
16  Defendant has substantially complied with the terms of this Consent Decree. Defendant will be
17  deemed to have complied substantially if the Court has not made any findings or orders during the
18  term of the Decree that Defendant has failed to comply with any of the terms of this Decree.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: June 27, 2014            By____/s/_____
                                     WILLIAM R. TAMAYO
                                     Regional Attorney

Dated: June 27, 2014            By____/s/_____
                                     JONATHAN PECK
                                     Supervisory Trail Attorney

Dated: June 27, 2014            By____/s/_____
                                     CINDY O'HARA
                                     Senior Trial Attorney

WEINTRAUB GENSHLEA CHEDIAK
ALDEN PARKER

Dated: June 25, 2014       By____/s/_____
                                  SCOTT M. PLAMONDON

WALGREEN CO.

Dated: June 25, 2014       By____/s/_____
                                  CHRISTOPHER MURRAY

**ORDER**

IT IS SO ORDERED.

Dated: July 1, 2014        _____
                           WILLIAM H. ORRICK
                           United States District Court Judge

**LOCAL RULE 5-1(i)(3) ATTESTATION**

I, Peter F. Laura, am the ECF User whose ID and password are being used to file the Consent Decree. In compliance with Local Rule 5-1(i)(3), I hereby attest that Scott Plamondon and Christopher Murray concurred in this filing.

Dated: June 27, 2014         */s/ Peter F. Laura*
                             PETER F. LAURA
                             Attorney for Plaintiff EEOC